Mr. Justice Minton
delivered the opinion of the Court.
The Court of Claims awarded judgment to respondent, a per diem employee of the Government Printing Office, for premium pay and gratuity pay for work performed by him on certain holidays during World War II. Thus, respondent was held entitled to the aggregate of:
1. His regular compensation for the days worked;
2. Fifty percent of his regular compensation as premium pay;
3. A full day’s compensation as gratuity pay.
The Government sought review of that part of the judgment which awarded gratuity pay to respondent and others like him,[1] and we granted certiorari, 342 •U. S. 808.
Respondent’s compensation was fixed by a wage agreement which provides in pertinent part.
Holiday Bate. — Employees required to work on a legal holiday or a special holiday declared by Executive order shall be paid at the day rate plus 50 percent for all the time actually employed in addition to their gratuity pay for the holiday as provided by law * * *
By a 1938 Resolution, the applicable law during the period in question, Congress provided that whenever per diem employees were “relieved or prevented from working solely because of the occurrence of” holidays declared by statute or executive order, “they' shall receive the same pay for such days as for other days on which an ordinary day’s work is performed.”[2] The question thus presented is whether the Resolution somehow precludes the awarding of the gratuity pay which the agreement seems to grant.
The 1938 Resolution amended the Act of 1895 [3] which had been consistently administered as providing for *927 gratuity pay in addition to regular compensation if the employee worked on a holiday.[4] The Government contends that Congress intended to repeal the earlier statute in this respect, and that the Resolution provided gratuity pay only for holidays on which an employee is “relieved or prevented from working.”
We think this argument misses the point. The 1938 Resolution established the holidays for which gratuity pay was to be allowed. It was silent on the subject of gratuity pay for holidays on which work was performed, and we may even assume that it did not provide gratuity pay for those days. But the wage agreement is not silent on the subj ect. It provides that when an employee works on a holiday he is to receive regular compensation, premium pay, and gratuity pay “for the holiday as provided by law.” The holidays “as provided by law” are the days provided for in the 1938 Resolution. Nothing in the Resolution prohibits such a wage agreement, and, indeed, the Government concedes this fact. Merely because the Resolution itself may not award gratuity pay for holidays worked is no ground for vitiating a wage agreement which does.
The Government points to the 1943 Presidential Directive to federal agencies, under which all holidays except Christmas were to be considered as regular work days for the duration of the war,[5] and urges that the Directive indicated a policy against the payment of gratuity pay for holidays worked. Clearly, the Presidential Directive was not intended to abrogate the wage agreement.
We need not stop to consider the anomalous results which would stem from the Government’s position.[6] Since the agreement provided for gratuity pay for holidays worked, respondent was entitled to such pay. Accordingly, the judgment below is affirmed.
Mr. Justice Reed, with whom the Chief Justice and Mr. Justice Black join, dissenting.
The 1938 Resolution refers only to holidays that “relieved or prevented” work. It requires a gratuity pay *928 ment to them equal to the regular daily wage. Where work is done, as by these per diem employees, no gratuity is “provided by law.” Under the wage agreement, however, an employee working should be paid time and a half for holiday work — a premium of fifty per cent more than the gratuity paid to an employee who does not work.
The Government concedes that the wage agreement entitles the employees to this premium pay for work on holidays. In our opinion respondents are not entitled to any gratuity pay, and this has been the consistent administrative interpretation of the Comptroller General. 18 Comp. Gen. 191. It is significant that the journeymen printers acquiesced in this interpretation for eight years after 1938.
We would reverse.

 The parties Rave stipulated that the disposition of the claim of respondent Kelly will be determinative of claims filed by 613 other employees of the Printing Office.

 52 Stat. 1246, 5 U. S. C. § 86a.

 28 Stat. 601, 607, § 46.

 8 Comp. Dec. 322 (1901) ; 13 Comp. Dec. 40 (1906) ; 3 Comp. Gen. 411 (1924).

 See Digest of Provisions of Law Fixing Pay for Employees in the Executive Branch of the Federal Government (U. S. Civil Service Commission, 1945) at 94.

 Thus, under the Government’s view an employee who worked five hours on á holiday would receive his regular compensation plus premium pay, or seven and one-half hours’ pay; if he stayed at home all day, he would receive eight hours’ pay.