Laramore, Judge,
delivered the opinion of the court:
Alfred C. Bergh, one of the plaintiffs herein, is suing to recover extra pay which he alleges is due him for labor performed on certain legal holidays during the year 1945.[1]
At all times material herein, plaintiff Bergh was regularly employed as a leading man, electric welder, in the Norfolk Naval Shipyard, Portsmouth, Virginia, and, as a per diem civilian employee of the Navy Department. During the year 1945, plaintiff Bergh worked on four holidays for which he was paid his regular per diem wage at straight time. For any work performed on those days in excess of eight hours he received overtime pay.
In furtherance of the prosecution of the war, on October 29,1942, the Secretary of the Navy issued a directive providing for wartime holiday work by Navy employees. On August 17,1943, in accordance with a directive of the President issued on May 12,1943, the Secretary of the Navy issued a further directive which stated in pertinent part, as follows:
* * * necessity for maintaining maximum output in government activities throughout the war period requires that days normally observed by the departments and agencies as holidays should, with exception of *566 Christmas be considered as regular work days for the duration of the war * * *.
Plaintiff Bergh was subject to these directives. It was only to the extent of these directives that the plaintiff was required to work on four holidays during 1945. Plaintiff Bergh did not request the Department of the Navy to excuse him from work on these holidays.
On August 23, 1945, the normal observance of holidays (by the suspension of activities in the departments) was restored by White House memorandum. Accordingly, plaintiff Bergh did not work on three remaining holidays occurring in 1945. Nevertheless, he was paid his regular per diem wage on those days.
On March 10,1952, Bergh submitted a claim to the Comptroller General of the United States for additional compensation for work performed on the four holidays occurring in 1945; namely, New Tear’s Day (January 1, 1945), Washington’s Birthday (February 22,1945), Memorial Day (May 30,1945), and the Fourth of July (July 4,1945). On March 28,1952, the Comptroller General issued a Settlement Certificate in which he disallowed plaintiff Bergh’s claim and certified that no balance was due him from the United States. Thereafter, plaintiff Bergh filed a petition in this court seeking a judgment against the United States for so-called “holiday gratuity pay.”
The questions presented are: (1) whether the joint resolution of 1885[2] established a mandatory benefit for Federal per diem employees and (2) if so, did the joint resolution of 1938[3] operate to repeal the prior congressional enactment.
*567 We believe that the issue in this case was considered and disposed of by the majority opinion of this court in Kelly v. United States, 119 C. Cls. 197. In that case, one John Stuart Kelly, an hourly rated employee in the Government Printing Office, made the same claim for gratuity pay for holiday work as is being made by plaintiff Bergh, i. e., a claim for an extra day’s pay, in addition to his regular pay, for each holiday on which he was required to work and which fell on a regular work day. Kelly, however, predicated his claim not only on existing statutes and administrative practice, as does Bergh, but also, since he was an employee of the Government Printing Office, on certain provisions of the collective bargaining agreement in effect between the Government Printing Office and the Union representing the Government Printing Office employees. There is no such agreement covering Bergh’s employment with the Navy Department, so Bergh makes no claim based on a contract theory.
The majority of this court upheld the Kelly claim, both on the theory of statutory right to gratuity pay and on the theory of contract right. The majority opinion specifically held in respect to the claim based on statutory right that the 1988 Resolution did not operate to repeal previously enacted statutory grants of gratuity pay but rather was designed (1) to give the same status, for gratuity pay purposes, to holidays established by Executive Order as to holidays established by statute, and (2) to eliminate a situation under which wage-rate employees, although not called to work, received gratuity pay on holidays which fell on a day, such as a Sunday, when the employee would not have worked in any event. The Government appealed the Kelly case to the United States Supreme Court, which Court on January 2, 1952,[4] affirmed, but did so solely on the ground that the collective agreement covering Government Printing Office employees, by its express terms, required the payment of the gratuity pay claimed by Kelly. That Court expressed no *568 opinion on the effect of the 1938 Joint Resolution as repealing prior enactments granting gratuity pay, although the Court did note that “the Resolution was silent on the subject of gratuity pay for holidays on which work was performed.”
Defendant in its brief admits that the issue of compensation for loss of income occasioned by the closing of the establishment on a holiday was disposed of by the Joint Resolution of January 6, 1885, supra, as amended, but says the second problem, whether an employee required to work on a holiday should be granted additional compensation was not even considered. This brings us to the exact situation in the Kelly case, supra, wherein the court held that the Act of 1938 did not deny to the plaintiff his right to holiday pay in addition to the pay earned by him when he worked on holidays. To hold otherwise would lead to the conclusion that Congress by the 1938 Resolution intended to put the Government in an unfavorable position competitively at a time when the Government was in need of many new employees for the purpose of national defense. It would also lead to the absurd situation wherein if a per diem employee were required to work on a holiday, he would be paid no more than his fellow worker who was not required to work. Similarly, if a per diem employee were required to work two hours on a statutory holiday, he would be paid for only two hours of labor and would receive less pay than if he were not required to work at all.
As was said in Kelly v. United States, supra (P. 208) :[5]
One has immediate doubts as to whether Congress, in 1938, intended to take away from this class of Government employees these rights which they had enjoyed at least since 1895. And when one examines the origin and purpose of the legislation, he finds not the remotest intimation of any such intent. The resolution as originally introduced provided merely that per diem employees should be paid for the December 24, 1937, special holiday. It was amended so that it would serve as permanent legislation for all such occasions. The Civil Service Commission and the House Committee in enlarging the scope of the resolution obviously had *569 noted tbe Comptroller General’s comment, quoted in the committee report, that the existing legislation had been so interpreted as to give employees pay for a holiday coming on a day when they would not have worked anyway. To prevent that unduly generous treatment, the language “whenever * * * employees * * * are relieved or prevented from working solely because of the occurrence of a holiday” was inserted. The words were apt for that purpose. Hence we are not asked by the plaintiffs to disregard, or nullify, words of a statute on the ground that Congress used them inadvertently. They had a purpose and were, for that purpose well chosen. We are asked only to hold that they should not be given an additional application, which, taken literally, they could receive, when all the indications are that they were not meant to have it.
* $ $ $ ‡
This being the situation, we think that the administrative officers of the Government and the courts have no duty, and indeed no right, to attribute to Congress an intention which, it is morally certain, Congress did not have, by giving to words which Congress used for one obvious purpose, an additional application which, taken literally, they might support. The evil which Congress meant to cure by the words it used, it cured. The additional effect contended for by the Government would destroy a practice which no one had ever even intimated to be an evil, and which responsible officials had, for more than forty years regarded as just and necessary.
We can find no inconsistency between the 1885 Besolution and the 1938 Besolution. The 1938 Besolution says nothing on the subject of gratuity pay in situations where work was-actually performed on a holiday. The 1885 Besolution has been consistently construed to grant gratuity pay in addition to regular pay for holidays worked and the 1938 Besolution only repealed the 1885 Besolution to the extent that it may be inconsistent.
Plaintiff has been paid for his holiday work. He is now asking only for the gratuity pay granted him under the 1885 Besolution.
All of the circumstances, including the legislative history of the 1938 Besolution, indicate that Congress did not intend to eliminate the customary practice of granting gratuity pay *570 for days worked on holidays occurring on a regular work day. Furthermore, the 1938 Resolution can be given the construction contended for by plaintiffs herein without doing violence to its language or creating an inconsistency with the 1885 Act.
The fact that during this period the Secretary of the Navy, in accordance with a directive of the President, issued a directive that holidays, with the exception of Christmas, be considered as regular work days, would have nothing to do with the issue here. If the Government required per diem employees to work on holidays, it should pay for such services.
Plaintiffs are entitled to recover. Judgment will be suspended pending a report from the General Accounting Office as1 to the exact amount due each plaintiff.
It is so ordered.
Madden, Judge; Littleton, Judge; and JoNES, Chief Judge, concur.

 The case Is presented upon a Stipulation of Facts. It has been agreed by counsel for plaintiffs and defendant that the decision of this court, based upon the Stipulation of Facts, will resolve the questions of law in the case of Bergh and four other plaintiffs similarly situated. The basic questions of law and fact are common to all Of the plaintiffs in this action.

 “The employees of the Navy Yard, Government Printing Office, Bureau of Printing and Engraving, and all other per diem employees of the government, on duty in Washington, or elsewhere in the united States, shall be allowed the following holidays, to wit: The 1st day of January, the 22nd day of February, the day of each year which is celebrated as “Memorial” or “Decoration Day,” the 4th day of July, the 25th day of December, and such days as may be designated by the President as days for national thanksgiving, and shall receive the same pay as on other days” (No. 5, 23 Stat.. 516, as amended by the Joint Resolution of February 23, 1S87, No. 6, 24 Stat. 644, 5 U. S. C. § 86).

 “Whenever regular employees of the Federal Government whose compensation is fixed at a rate per day, per hour, or on a piece-work basis are relieved or prevented from working solely because of the occurrence of a holiday such as New Year’s Day, Washington’s Birthday, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day or any other day declared a holiday by Federal statute or Executive Order, or any other day on which the departments and establishments of the Government are closed by Executive Order, they *567 shall receive the same pay for such days as for other days on which an ordinary day’s work Is performed.
“Sec. 2. The Joint resolution of January 6,1885, U. ,S. C., title 5, sec. 86, and all other laws inconsistent or in conflict with the provisions of this Act are hereby repealed to the extent of such inconsistency or conflict” (c. 818, 52 Stat. 1246, 5 U. S. C. § 86a).

 United States v. Kelly, 342 U. S. 193.

 It was stipulated In the Kelly case that beginning with the Act of 1895 Government Printing Office employees were paid for these holidays whether the holidays fell on what would otherwise have been a work day or not.